Filed 1/8/14  P. v. French CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>LEROY FRENCH, III,<br><br>        Defendant and Appellant. | E059381<br><br>(Super.Ct.No. FSB12597)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Anna M. Jauregui-Law, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Leroy French, III, appeals after the trial court denied his petition for resentencing under the Three Strikes Reform Act of 2012 (the Reform Act). We affirm.

FACTS AND PROCEDURAL HISTORY

In 1996, defendant was charged with grand theft (Pen. Code, § 487, subd. (a)) and receiving stolen property (Pen. Code, § 496, subd. (a)). The charging pleading also alleged that defendant had suffered two prior strike convictions (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), for robbery (Pen. Code, § 211) and second degree murder (Pen. Code, § 187).

Defendant pleaded guilty to the two new charges of grand theft and receiving stolen property, and admitted the strike priors. Later, the receiving stolen property conviction was dismissed, and the abstract of judgment corrected to reflect that change, but defendant remained sentenced to 25 years to life as a third striker.

In November 2012, the voters passed the Reform Act, which provides that, with certain exceptions, a three strikes term of 25 years to life may be imposed only if the defendant's current offense is a serious or violent felony. For those persons serving previously imposed sentences, Penal Code section 1170.126 establishes a statutory procedure to seek resentencing. Subdivision (b) of the statute establishes that a person serving an indeterminate term of life imprisonment under the "Three Strikes" law for a conviction based on "a felony or felonies that are not defined as serious and/or violent felonies . . . may file a petition for a recall of the sentence . . . ." Subdivision (d) of the

2

statute requires a petition for recall of a sentence to specify both (1) the currently charged felonies that resulted in the current sentence, and (2) the prior strike convictions that were "alleged and proved" under the Three Strikes law.

Here, defendant filed his petition for recall of sentence on May 20, 2013. The trial court denied the petition on August 1, 2013, stating: "The Court finds that Petitioner does not satisfy the criteria in PC1170.12[,] [subdivision] (e) and is not eligible. One of defendant's strike conviction[s] is for murder PC187. Defendant is therefore ineligible for resentencing under PC1170.126 (PC1170.126(e)[(3)][] and PC667(e)(c)(iv))."

Defendant filed a notice of appeal on August 9, 2013.

## ANALYSIS

Upon defendant's appeal, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a brief statement of the case, but making no argument as to any specific issues. Counsel has requested this court to undertake a review of the entire record. Defendant has been offered an opportunity to file a personal supplemental brief, which he has done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the entire record and find no arguable issues.

The sole issue suggested by appellate counsel is whether the trial court erred in denying defendant's petition for recall of his sentence. Penal Code section 1170.126, subdivision (e), provides in relevant part, that an inmate is eligible for resentencing if:

3

"(3)  The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12."  Penal Code section 667, subdivision (e)(2)(C)(iv)(IV) lists "[a]ny homicide offense, including any attempted homicide offense, defined in Sections 187 to 191.5, inclusive," as one of the disqualifying prior offenses.  Penal Code section 1170.12, subdivision (c)(2)(C)(iv)(IV) does the same.  One of defendant's prior strike convictions was for second degree murder (Pen. Code, § 187), a disqualifying strike offense.  The trial court properly determined that defendant was not eligible for resentencing under the Reform Act.

In his personal supplemental brief, defendant raises issues with respect to the competence of his trial attorney at the time he pleaded guilty in 1996.  These questions should have been raised on appeal, or on a timely petition for writ of habeas corpus, after that conviction; the time has long since passed to raise matters which could, and should, have been raised then.  The sole matter within the scope of appeal at present is the trial court's ruling on defendant's petition to recall his sentence.  The additional matters defendant raises are not cognizable in this appeal.

## DISPOSITION

Defendant was not eligible to recall his three strikes sentence.  The order denying his petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____

Acting P. J.

We concur:


RICHLI_____

J.


MILLER_____

J.